UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 23-11397-RGS

KAMRAN NIAZI

v.

MCKINSEY & COMPANY, INC. UNITED STATES[1]

MEMORANDUM AND ORDER
ON DEFENDANT'S MOTION TO DISMISS

July 19, 2023

STEARNS, D.J.

Plaintiff Kamran Niazi brought this lawsuit against his employer McKinsey & Company, Inc. United States (McKinsey), alleging wrongful termination in retaliation for "blowing the whistle" and exposing fraudulent activity at McKinsey. The Complaint asserts a single count for wrongful termination in violation of public policy.[2] McKinsey moves to dismiss the lawsuit pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, the court will allow the motion.

---

[1] The proper full legal name for Defendant is McKinsey & Company, Inc. United States.

[2] This is an exception to the usual rule allowing an at-will employee to be terminated for any reason or no reason at all. *See Wright v. Shriners Hosp. for Crippled Children*, 412 Mass. 469, 477 n.1 (1992).

## BACKGROUND

The facts, drawn from the Complaint and accompanying documents,[3] and viewed in the light most favorable to plaintiff as the non-moving party, are as follows. McKinsey hired Niazi as its Director of IT Disruption Resilience (DR) in February of 2021. Niazi reported to Anthony Esposito, head of McKinsey's Cyber unit, and Marcelo Tourne, a Client Capabilities leader. Niazi's position required him to create and approve presentations related to the state of McKinsey's cyber resilience and DR readiness. In this capacity, Niazi prepared a DR assessment for presentation to McKinsey's Executive Leadership committee.

In response to a simulation and concerns regarding McKinsey's ransomware attack preparedness, the Cyber unit began a tactical initiative styled as a "Cyber Step-Up." As part of this initiative, Niazi prepared a survey assessing the state of DR for McKinsey's most critical IT client-facing products. Niazi asserted that the preliminary results of his survey indicated that McKinsey had limited DR capabilities in the area of Client Capabilities.

---

[3] At the motion to dismiss stage, the court may consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint," in addition to the complaint's allegations. *Schaer v. Brandeis Univ.*, 432 Mass. 474, 477 (2000), quoting 5A Wright & Miller, Federal Practice and Procedure § 1357 at 299 (1990).

In June of 2022, Niazi reviewed a company presentation that he alleges "failed to acknowledge that [McKinsey's] products are not conducive to data restoration." Compl. [Dkt # 2-1] ¶ 23. McKinsey "embedded 'plausible deniability' language in the slides . . . to diffuse a future claim by a client if the Company was unable to restore the Client service or data within an agreed timeframe." *Id.* At the same time, Niazi's supervisors ordered him to modify a presentation for the Chief Digital Officer (CDO) to "hide the severity" of the Client Capabilities issues brought to light by his survey. *Id.* ¶ 26. Niazi refused to comply, and an "inaccurate" presentation was given to the CDO. *Id.* ¶ 27.

Niazi avers that he repeatedly informed Marcelo and Eposito about the gravity of his survey findings. On August 5, 2022, Niazi's supervisors informed him that his performance was unsatisfactory and that he was to be placed on a performance improvement plan (PIP). Niazi responded by objecting to the allegations of poor performance and by "exposing the errors in the alternate deck that had been prepared for the meeting." *Id.* ¶ 30. Human Resources (HR) withdrew the PIP — and instead, Esposito would work directly with Niazi to improve his performance. Niazi was to focus on internal IT systems (T&D space) going forward. He created a "roadmap for the T&D space" while a colleague created a new analysis. This colleague

asked Niazi to acknowledge that his own roadmap was inaccurate. Compl. ¶ 34. Niazi, identifying what he termed as errors in his colleague's work and internal attempts to manipulate data, refused to sign off on the new slides.

On November 24, 2022, Niazi received a year-end review alleging poor performance and was reissued a PIP. On December 12, 2022, Niazi was given an ultimatum — accept the PIP or face termination. He responded by explaining that "he has been set up and the Company is trying to cover up fraud." Compl. ¶ 50. Three days later, HR told Niazi that McKinsey was considering his termination. On December 19, 2022, Niazi received the earlier ultimatum, which he refused to accept. He was terminated by McKinsey on January 9, 2023.

## DISCUSSION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted, as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Two pertinent principles guide the court's analysis. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. For a claim to be plausible,

the pleaded factual content must allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

## I. Insufficient Pleadings Under Rule 9(b)

In most instances, to survive a 12(b)(6) motion, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, to properly plead fraud or mistake, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).[4] This standard requires averment of the facts as to whom, about what, where, and when the allegedly false or fraudulent representation took place. *See Rodi v. S. New Eng. Sch. of Law*, 389 F.3d 5, 15 (1st Cir. 2004). If a complaint does not meet Rule 9(b)'s heightened pleading standard, it is insufficient and will be dismissed.

The sole count against McKinsey arises under Massachusetts common law, alleging wrongful termination "for blowing the whistle on fraudulent information that [McKinsey] was using to deceive its clients and investors." Compl. ¶ 59. Rule 9(b)'s heightened pleading standard applies to "associated claims where the core allegations effectively charge fraud" and where

---

[4] Rule 9(b)'s particularity standard also applies to misrepresentation, which "is considered a species of fraud." *Alternative Sys. Concepts, Inc. v. Synopsis, Inc.*, 374 F.3d 23, 29 (1st Cir. 2004).

5

"fraudulent misrepresentation is the lynchpin." *N. Am. Cath. Educ. Programming Found., Inc. v. Cardinale*, 567 F.3d 8, 47 (1st Cir. 2009).[5] Because Niazi alleges fraud by McKinsey as the centerpiece of his termination,[6] the court considers Rule 9(b)'s particularity requirement sua sponte.[7]

Throughout the Complaint, Niazi points to instances of allegedly altered presentations containing incorrect and manipulated data. However, he does not specifically aver any fraudulent misrepresentations made to any identified clients or investors.[8] At most, Niazi references the inclusion of

---

[5] *See also Foisie v. Worcester Polytechnic Inst.*, 967 F.3d 27, 49 (1st Cir. 2020), quoting *Mulder v. Kohl's Dep't Stores, Inc.*, 865 F.3d 17, 21-22 (1st Cir. 2017) ("Rule 9(b)'s heightened pleading requirements apply not only to claims of fraud simpliciter but also to related claims as long as the central allegations of those claims 'effectively charge fraud.'").

[6] While the Supreme Court has rejected imposition of a heightened pleading standard in employment discrimination cases generally, it has not strayed from Rule 9(b)'s pellucid language providing "for greater particularity in all averments of fraud or mistake." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 n.3 (2002).

[7] Although McKinsey does not explicitly point to a Rule 9(b) deficiency, it argues that the court should dismiss the lawsuit because Niazi does not "allege that McKinsey made any misleading — never mind fraudulent — statements to clients or investors[,]" suggesting the Complaint is insufficient under Rule 9(b). Def.'s Mem. in Supp. of Mot. to Dismiss [Dkt # 8] at 6.

[8] Niazi mentions McKinsey's attempt to obtain FedRAMP certification "to begin generating revenue with governmental agencies." Compl. ¶ 40. Although he alleges McKinsey's system failed to meet simulated FedRAMP

"plausible deniability" in an internal presentation to "diffuse a future claim by a client[,]" without explicitly stating to whom a misrepresentation was made. Compl. ¶ 23. Niazi's cursory statements that "he has been set up" and that McKinsey "is trying to cover up fraud" fail to satisfy Rule 9(b)'s particularity standard. Compl. ¶ 50. The court accordingly allows McKinsey's motion to dismiss for failure to state a claim.

### ORDER

For the foregoing reasons, the Motion to Dismiss is <u>ALLOWED</u>, however without prejudice. The court will allow plaintiff twenty-one days to file a proposed Amended Complaint.

SO ORDERED.

<u>/s/ Richard G. Stearns</u>
UNITED STATES DISTRICT JUDGE

---

requirements, he does not allege that McKinsey obtained government certification following the simulation.